SERVICE REALTY CO., APPELLEE, *v.* SCHRINER ET AL., APPELLANTS.

(No. 8254—Decided April 22, 1957.)

*Mr. Forest R. Heis* and *Mr. John J. Scheper,* for appellee.
*Messrs. Becker, Loeb & Becker* and *Mr. John P. Scahill,* for appellants.

HILDEBRANT, J. This is an appeal on questions of law direct from the Municipal Court of Cincinnati, wherein the court, without a jury, awarded a joint money judgment against appellants, Schriner and his wife.

Schriner and his wife each owned an undivided one-half interest in certain real estate, to which they gave plaintiff an exclusive sales listing, expiring at a given time. Before the time expired, the wife deeded her interest, Schriner joining therein, to his mother. The record shows no consideration passed from the mother to the wife, and that the mother paid the cost of the execution of the deed, including the gratuitous addition of 55 cents in revenue stamps thereon.

The record shows that plaintiff at no time produced a buyer for the premises.

The petition claims a 5 per cent commission according to the listing contract as for a sale, recites certain expenses incurred in attempting to locate a purchaser, and concludes with a prayer for $725, an amount exactly 5 per cent of the list price.

The question is: Was there a sale within the meaning of the listing contract?

This court is of opinion that there was no sale as contemplated by the listing, but merely a transfer of the wife's undivided one-half interest without a consideration. And it is shown by the record that Schriner, who has never sold his interest, and his mother, transferee of the wife's interest, stood ready to make a sale, had plaintiff produced a purchaser in good faith.

It is contended the judgment represents an award of damages for breach, rather than a commission for a sale. With this contention, this court cannot agree. It is obvious, from the petition and prayer and the amount of the judgment, that it represented a 5 per cent commission as on a sale, and such conclusion is not inconsistent with the facts as shown by the record.

The judgment is reversed and final judgment is rendered in this court for the defendant.

*Judgment reversed.*

MATTHEWS and LONG, JJ., concur.